IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SHANNON ZAHRN, CATHERINE ZAHRN, ALEXIUS AUGUSTINE, and ANDREW SIMPSON, on behalf of themselves and all others similarly situated, Plaintiffs, v. RICK PERRY, in his official capacity as Governor of Texas, GREG ABBOTT, in his Official Capacity as Attorney General of Texas, and DANA DeBEAUVOIR, in her Official Capacity as County Clerk of Travis County, Texas, Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:13-CV-00955-SS |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

TO THE HONORABLE SAM SPARKS:

Defendants Texas Governor Rick Perry, and Texas Attorney General Greg Abbott in their official capacities only make this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, and would respectfully show the Court the following:

### ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants Perry and Abbott in their official capacities only deny each and every allegation contained in Plaintiffs' Complaint except for those expressly admitted herein.

### INTRODUCTION

1.    No factual allegations made, but deny the legal conclusions of Constitutional violations with regard to the Texas Constitution and statutes which are the subject of this litigation.

2.  No factual allegations made, but deny the legal conclusions of Constitutional violations with regard to the Texas Constitution and statutes which are the subject of this litigation.

3.  Admit that some States permit same-sex marriage, but deny the balance of the allegations.

4.  Defendants lack sufficient knowledge of whether other lawsuits seek to "enforce marriage rights."

5.  Defendants lack sufficient knowledge of whether other lawsuits interpret *Windsor* as pled by Plaintiffs.

6.  Admit that the Texas Constitution and statutes prohibit same-sex marriage, but deny the balance of the allegations.

7.  Deny.

## LACK OF JURISDICTION AND VENUE

8.  Admit that this Court has subject-matter jurisdiction to decide 41 U.S.C. § 1983 litigation, but deny that this Court has jurisdiction over the claims asserted in this litigation.

9.  Admit, subject to Defendants' motion to consolidate this case with a prior pending case regarding same issues and same State Defendants, which is incorporated herein.

10. Admit that this Court has authority pursuant to the statutes and rules cited to make determinations, but deny that any such relief would be appropriate under the facts of this case.

11. Admit, subject to jurisdictional challenges to be made in this case.

## THE PARTIES

12. Defendants lack sufficient knowledge to admit or deny Plaintiff's residence.

13. Defendants lack sufficient knowledge to admit or deny Plaintiff's residence.

14. Defendants lack sufficient knowledge to admit or deny Plaintiff's residence.

15. Defendants lack sufficient knowledge to admit or deny Plaintiff's residence.

16. Admit.

17. Admit that Defendant Abbott is the Attorney General but deny that he has any generalized "duty to see that the State's laws are uniformly and adequately enforced."

18. Defendants lack sufficient knowledge to admit or deny Defendant DeBeauvoir's job duties as County Clerk of Travis County.

19. Deny.

## FACTS

20. Defendants lack sufficient knowledge to admit or deny since no individuals are identified and no "history of discrimination" is actually referenced, other than in vague, conclusory, generalizations.

21. Defendants lack sufficient knowledge to admit or deny allegations of the death penalty being imposed for homosexual sex since no such States are identified, and only vague generalizations are pled by Plaintiffs. Defendants admit that Texas had imposed sodomy laws in its past history based on public standards of decency that existed at that time period.

22. Defendants lack sufficient knowledge to admit or deny allegations of laws in other States, such as Colorado.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Deny.

28. No factual allegations made.

29. No factual allegations made, but deny the legal conclusions of Constitutional violations with regard to the Texas Constitution and statutes which are the subject of this litigation.

30. No factual allegations made.

31. Admit that the Texas Constitution and statutes which are the subject of this litigation prohibit same-sex marriage, but deny the balance of the allegations.

32. Defendants lack sufficient knowledge to admit or deny allegations of why particular Statutes were adopted by a majority vote of the Texas Legislature or why the majority of the citizens of Texas chose to amend their Constitution to put into effect this important public policy. Defendants admit references to DOMA appear in the legislative history of the Texas Constitutional Amendment and statutes which are the subject of this litigation.

33. Defendants admit that the language of DOMA and the Texas Constitution and statutes which are the subject of this litigation are very similar, if not identical in some respects, but deny that it was chosen to "mimic" or ridicule DOMA in any way.

34. Deny.

## SHANNON & CATHERINE

35. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

36. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

37. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

38. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

39. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

40. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

41. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

42. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

43. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

44. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

45. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

46. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

47. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

48. Deny.

49. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds, but deny that they suffered irreparable harm or that the Texas Constitution and the Statutes which are the subject of this litigation are unconstitutional.

50. Deny.

51. Deny.

## ALEX & ANDY

52. Deny.

53. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

54. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

55. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

56. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

57. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

58. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds.

59. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds, and lack specific knowledge of when Defendant Abbott said ". . . that the State will not 'give effect' to Alex and Andy's marriage," but deny that the Texas Constitution and the Statutes which are the subject of this litigation are unconstitutional.

60. Deny.

61. The allegation is a legal conclusion that does not require a response.

62. Defendants lack sufficient knowledge of the marital status of any of the Plaintiffs or any of their alleged backgrounds, but deny that they suffered irreparable harm or that the Texas Constitution and the Statutes which are the subject of this litigation are unconstitutional.

63. Deny.

64. Deny.

## NO PLAINTIFF CLASS

65. Deny.

66. Deny.

## LACK OF EQUAL PROTECTION CLAIM

67. Defendants incorporate their prior responses.

68. No factual allegations made, but deny the legal conclusions of Constitutional violations with regard to the Texas Constitution and statutes which are the subject of this litigation.

69. No factual allegations made, but deny the legal conclusions of Constitutional violations with regard to the Texas Constitution and statutes which are the subject of this litigation.

70. Deny that defendants and other state officials have openly expressed animus toward homosexuals. Admit that Defendant Perry made the statements in question, but deny that these statements demonstrate animus toward homosexuals.

71. Mr. Staples is not party, and Defendants lack sufficient knowledge of his prior statements to admit or deny this allegation.

72. Deny.

73. Admit that the Constitutional provision and Statutes which are the subject of this litigation prohibit same-sex marriage, but deny the balance of the allegations.

## LACK OF DUE PROCESS CLAIM

74. Defendants incorporate their prior responses.

75. Deny.

76. Admit that the Constitutional provision and Statutes which are the subject of this litigation prohibit same-sex marriage, but deny the balance of the allegations.

### LACK OF RIGHT TO TRAVEL CLAIM

77. Defendants incorporate their prior responses.

78. Deny.

79. Deny.

### NO RIGHT OF FULL FAITH AND CREDIT

80. Defendants incorporate their prior responses.

81. Admit that Texas gives full-faith and credit to marriages legal in Texas and similar non-same-sex marriages from other States, but deny the balance of the allegations.

82. Admit that Texas gives full-faith and credit to marriages legal in Texas and similar non-same-sex marriages from other States, but deny the balance of the allegations.

83. Admit.

84. Admit, subject to interpretation by the Supreme Court.

85. Deny that this is a correct formulation of current law.

86. Deny.

87. Deny.

### NO VIOLATION OF 42 U.S.C. § 1983

88. Defendants incorporate their prior responses.

89. Deny.

### NO IRREPARABLE INJURY

90. Defendants incorporate their prior responses.

91. Deny.

92. Deny.

93. Deny.

94. The allegation is a legal conclusion that does not require a response.

95. Deny

96. Deny.

97. Deny.

## LACK OF CLASS ACTION STATUS

98. Defendants incorporate their prior responses.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Pleading further, Defendants Perry and Abbott assert that they are entitled to the following affirmative defenses:

A. Defendants assert Eleventh Amendment immunity to all claims asserted herein.

B. Plaintiffs lack standing to assert any claims against the Defendants.

C.	Defendants assert the defense of limitations for any claims outside of the applicable limitations period, if any.

**PRAYER**

Defendants Perry and Abbott in their official capacities only pray that Plaintiffs go hence without day.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Division Chief - General Litigation


/*s/ William T. Deane*
WILLIAM T. DEANE
Texas Bar No. 05692500
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1534
FAX:  (512) 320-0667
bill.deane@texasattorneygeneral.gov

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent by Certified Mail, Return Receipt Requested, on this the 21st day of November, 2013, to:

Mr. Jason P. Steed
Bell Nunnally & Martin
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204
e-mail: jasons@bellnunnally.com

Mr. James J. Scheske
James J. Scheske, P.L.L.C.
5501-A Balcones #109
Austin, Texas 78731
e-mail: jscheske@austin.rr.com

Ms. S. Leigh Jorgeson
Jorgeson Pittman L.L.P.
4505 Spicewood Springs Road, Suite 335
Austin, Texas 78759
e-mail: leigh@jptexaslaw.com

/s/ *William T. Deane*
WILLIAM T. DEANE
Assistant Attorney General