**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| Shannon Zahrn, Catherine Zahrn, Alexius | § | |
| Augustine, and Andrew Simpson | § | |
| | § | |
| v. | § | 1:13-cv-00955-SS |
| | § | |
| Rick Perry, Gregg Abbott, and Dana DeBeauvoir, | § | |
| in their official capacities | § | |

**DEFENDANT DANA DEBEAUVOIR'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AFFIRMATIVE DEFENSES**

COMES NOW Dana DeBeauvoir ("Defendant"), and files this Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief, Affirmative Defenses.  In support thereof, Defendant respectfully offers the following:

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's Complaint for Declaratory and Injunctive Relief except those expressly admitted herein.  The following specific admissions and denials are made to the corresponding paragraphs of Plaintiffs' Complaint for Declaratory and Injunctive Relief:

**RESPONSES TO ALLEGATIONS IN PLAINTIFFS' COMPLAINT FOR**

**DECLARATORY AND INJUNCTIVE RELIEF**

Defendant admits that Plaintiffs Shannon Zahrn, Catherine Zahrn, Alexius Augustine, and Andrew Simpson, on behalf of themselves and all others similarly situated, bring this Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983:

**Introduction**

1.      Defendant admits that more than four decades ago, the Supreme Court of the United States recognized marriage as "one of the 'basic civil rights of man.'"  *Loving v. Virginia*, 388 U.S. 1, 12

(1967).  Defendant admits that just a few months ago, the Supreme Court rightly struck down one section of the Defense of Marriage Act (DOMA), finding that section unconstitutional.  *United States v. Windsor*, 570 U.S. ---, 133 S. Ct. 2675 (June 26, 2013).

2.      This paragraph contains legal conclusions concerning the holdings of Supreme Court caselaw which Defendant is not required to admit or deny.

3.      Defendant admits that at least fourteen states, plus the District of Columbia, currently provide marriage equality to individuals who are homosexual.  Defendant admits that more states, such as Hawaii and Oregon, are moving in that direction.

4.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that meanwhile, lawsuits seeking to enforce marriage rights – relying in part on *Windsor* – are now pending in other states, including Arizona, Arkansas, Illinois, Kentucky, Louisiana, Nevada, North Carolina, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, and West Virginia.

5.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that courts in Michigan, New Jersey, New Mexico, and Ohio have already relied in part on *Windsor* to rule against state laws that refuse to recognize same-sex marriages.

6.      Defendant admits that she personally believes the State of Texas, through Article I, section 32 of the Texas Constitution and sections 2.001 and 6.204 of the Texas Family Code, imposes inequality on gays and lesbians – by denying them the basic right to marry.

7.      Defendant admits that Plaintiffs are asking this Court, pursuant to 42 U.S.C. §1983, to protect and enforce their rights and the rights of the Plaintiff Class under the United States Constitution, by declaring Article I, section 32 of the Texas Constitution and sections 2.001 and

6.204 of the Texas Family Code unconstitutional, and by enjoining permanently the enforcement of these and any other provisions of Texas law that would seek to deny same-sex couples equal access to civil marriage in Texas.

## Jurisdiction and Venue

8.      Defendant admits that Plaintiffs are bringing this action on behalf of themselves and the Plaintiff Class under 42 U.S.C. §1983 and the Constitution of the United States; therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331.

9.      Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Defendants reside in this district, and because a substantial part of the events giving rise to the claim occurred in this district.

10.      Defendant admits that this Court has authority to enter a declaratory judgment and to provide injunctive relief pursuant to Federal Rules of Civil Procedure 57 and 65, and to 28 U.S.C. §§2201 and 2202.

11.      Defendant admits that this Court has personal jurisdiction over Defendants because they are domiciled in the State of Texas.

## The Parties

12.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Plaintiff Shannon Zahrn is a Texas resident in Travis County, Texas.

13.      Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Plaintiff Catherine Zahrn is a Texas resident in Travis County, Texas.

14.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Plaintiff Alexius Augustine is a Texas resident in Travis County, Texas.

15.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Plaintiff Andrew Simpson is a Texas resident in Travis County, Texas.

16.     Defendant admits that Defendant Rick Perry is the Governor of the State of Texas. Defendant admits that Defendant Rick Perry in his official capacity is the chief executive officer of the State of Texas.  Defendant admits that the Governor's office is located in the Austin Division of this Judicial District.

17.     Defendant admits that Defendant Greg Abbott is the Attorney General of the State of Texas. Defendant admits that Defendant Greg Abbott in his official capacity is the chief legal officer of the State of Texas, and it is his duty to see that the State's laws are uniformly and adequately enforced. Defendant admits that the Attorney General's office is located in the Austin Division of this Judicial District.

18.     Defendant admits that Defendant Dana DeBeauvoir is the County Clerk of Travis County, Texas.  Defendant admits that in her official capacity she is responsible for maintaining marriage records and issuing marriage licenses, but denies that she performs civil marriages.  Defendant admits that the County Clerk's office is located in the Austin Division of this Judicial District.

19.     Defendant admits that Defendants and those subject to their supervision, direction, and control are prohibited from issuing marriage licenses to same-sex couples and required to follow the law pursuant to sections 2.001 and 6.204 of the Texas Family Code and Article I, section 32 of the Texas Constitution, and any other Texas law that denies same-sex couples the right to civil marriage

in Texas, although she denies that she is "responsible for the enforcement" of those sections. Defendant admits that the relief requested in this action is sought against each Defendant as well as against each Defendant's officers, employees, and agents, and against all persons acting in cooperation with Defendant(s), under their supervision, at their direction, or under their control.

20.     Defendant admits that she believes that individuals who are homosexual have suffered a long history of discrimination and unequal treatment in the Unites States and in Texas.

21.     Defendant is not required to admit or deny Plaintiffs' legal conclusions in this paragraph.

22.     Defendant is not required to admit or deny Plaintiffs' legal conclusion in this paragraph.

23.     Defendant admits that in 1996, the federal government enacted the Defense of Marriage Act (DOMA), codifying a federal ban against same-sex marriage.  Defendant admits that Section 3 of DOMA stated that, for the purposes of federal law, "the word 'marriage' means only a legal union between one man and one woman as husband and wife, and the word 'spouse' refers only to a person of the opposite sex who is a husband or a wife." 1 U.S.C. § 7.  Defendant admits that section 2 of DOMA says that no state shall be required to "give effect" to same-sex marriages created in other states. 1 U.S.C § 1738C.

24.     Defendant admits that one year after DOMA was enacted, in 1997, the State of Texas enacted its own laws against same-sex marriage, adding section 2.001 to the Texas Family Code, which states: "A license may not be issued for the marriage of persons of the same sex." Tex. Fam. Code § 2.001(b).

25.     Defendant admits that in 2003, Texas added its own version of DOMA, in section 6.204 of the Family Code, which states: "A marriage between persons of the same sex . . . is contrary to the public policy of this state and is void in this state."  Defendant admits that the state or an agency or political subdivision of the state may not give effect to a public act, record, or judicial proceeding

that creates, recognizes, or validates a marriage between persons of the same sex . . . in this state or in any other jurisdiction." Tex. Fam. Code § 6.204(b) – (c).

26.     Defendant admits that in 2005, for added measure, the Texas Constitution was amended to declare: "Marriage in this state shall consist only of the union of one man and one woman." Tex. Const. art. I, § 32(a).

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that these various efforts to impose inequality on individuals who are homosexual have not gone unanswered.

28.     Defendant is not required to admit or deny Plaintiffs' legal conclusions in this paragraph.

29.     This paragraph contains legal conclusions and citations which the Defendant is not required to admit or deny.

30.     Defendant is not required to admit or deny Plaintiffs' legal conclusions in this paragraph.

31.     Defendant is not required to admit or deny Plaintiffs' legal conclusions in this paragraph.

32.     Defendant is not required to admit or deny Plaintiffs' legal conclusions and the other allegations in this paragraph do not pertain to Defendant Dana DeBeauvoir.

33.     Defendant is not required to admit or deny Plaintiffs' legal conclusions in this paragraph.

34.     Defendant is not required to admit or deny Plaintiffs legal conclusions in this paragraph.

<u>Shannon & Catherine</u>

35.     Defendant admits that she believes that Plaintiffs Shannon Zahrn and Catherine Zahrn have suffered harm as a result of Texas law.

36.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Shannon and Catherine have known each other for nearly twenty years.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or

accuracy of the allegations that they first met and became friends while at school in Virginia, in 1995, and they reconnected and started dating while living in Georgia, in 2002.

37.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that in 2005 the couple wanted to get married, but state laws denied them the right to do so.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that to nevertheless demonstrate their love for and commitment to one another, they invited friends and family to a commitment ceremony, which they performed on September 17, in South Carolina.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that they have celebrated that date every year since then, as their "anniversary."

38.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that that same year, Shannon also legally changed her last name to match Catherine's, to outwardly demonstrate her commitment to the relationship.

39.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that in 2006, the couple moved to Austin, Texas, for Shannon's job.

40.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Catherine gave birth to a baby girl in 2011.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations that Shannon legally adopted the child as a "second partner" a few months later, and the Zahrns legally became a family.  Defendant admits that they still could not legally get married in Texas.

41.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations that Shannon's sister became very ill, and passed away in December,

2011.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Shannon's father also passed away shortly thereafter, in April, 2012.

42.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that as a result, Shannon's niece came to live with Shannon and Catherine in 2012, because they could provide her with a stable and loving home environment. Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Shannon and Catherine became legal conservators of Shannon's niece in 2013.

43.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations that in short, Shannon and Catherine have been together for over ten years and are the loving parents of two children.

44.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that the Zahrns are like any other typical Texan family.  However, Defendant admits that the Zahrns deserve the same rights, privileges, protections, and responsibilities enjoyed by other Texan families.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations that they own and share a home together; they have joint bank accounts; they are parents and have children together. Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that they have a life together.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that they love each other. Defendant admits that like thousands of other similarly situated couples in Texas and the United States, they desire to formalize their relationship through civil marriage.

45.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that Shannon and Catherine wanted to get married nearly eight years ago, on September 17, 2005, but state laws deprived them of that right.  Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that they have wanted to get married since moving to Texas in 2006, however, Defendant admits that Texas state law has prevented same-sex couples from getting married.

46.    Defendant admits that on July 12, 2013 – two weeks after the Supreme Court declared that DOMA's restriction of marriage to only opposite-sex couples was unconstitutional – Shannon and Catherine went to the Travis County Clerk's Office at 5501 Airport Blvd., Austin, Texas, to apply for a marriage license.

47.    Defendant admits that the couple was not permitted to even apply for a Texas marriage license.  Defendant denies that instead, when they asked for an application they were given the runaround, but admits that they were told they were a "special case" and then made to wait for a manager to assist them.  Defendant admits that the manager then gave Shannon and Catherine a printed copy of section 2.001 of the Family Code (stating "A license may not be issued for the marriage of person of the same sex."), and told them that she was not allowed even to give them an application for a license.  Defendant admits that when asked, the manager also said that, for opposite-sex couples, the application can be completed onsite, and the license can be issued immediately.

48.    Defendant admits that she believes that Shannon and Catherine's inability to have their relationship formalized by the State, and recognized legally with the same dignity and respect accorded to married opposite-sex couples, has caused them significant hardship—including but not limited to the deprivation of rights guaranteed by the Fourteenth Amendment, and stigma.

49.     Defendant admits that she believes that Shannon and Catherine have wanted to marry for as long as they have lived in Texas (over seven years), and each day that they are denied the freedom to marry they suffer harm as a direct result of Defendants' enforcement of Texas state law.

50.      Defendant admits that if sections 2.001 and 6.204 of the Texas Family Code, and article I, section 32 of the Texas Constitution – and all other Texas laws that prevent or prohibit same-sex marriage in Texas – are not enjoined, Defendant will be forced to observe and/or follow the law and thereby continue to deprive Shannon and Catherine, and others who are similarly situated, of their ability to get married in the State of Texas.

51.     Defendant admits that for these reasons, Shannon and Catherine, as Plaintiffs, bring this action on behalf of themselves and others similarly situated.

<u>Alex & Andy</u>

Defendant DeBeauvoir is not involved in the recognition of same-sex marriages from other states and therefore the allegations in paragraphs 52-64 are not directed at her and she neither admits nor denies the allegations related to Alex Augustine and Andrew Simpson.

<u>The Plaintiff Class</u>

65.     Defendant admits that the Plaintiffs seek to certify a class which consists of all individuals who, like Shannon and Catherine, reside in the State of Texas and otherwise meet the legal requirements to marry in Texas, but wish to marry someone of the same sex, and for that reason are denied the right to marry by Texas law.  Plaintiffs' last allegation in this paragraph is not directed towards Defendant, and therefore Defendant will not presume to answer for another Defendant.

66.     Defendant admits that the Named Plaintiffs, on behalf of themselves and of the proposed Plaintiff Class, seek the following relief:

(1) requiring county clerks in Texas, such as Defendant DeBeauvoir, to issue a marriage license to Plaintiffs Shannon Zahrn and Catherine Zahrn (and to others similarly situated), so that they can be legally married under Texas law; and

(2) requiring Defendants Perry and Abbott, in their official capacities as Governor and Attorney General of Texas, respectively, to recognize the out-of-state marriage of Alex and Andy (and of others similarly situated), as legally valid in Texas.

By the relief sought, the Named Plaintiffs and the Plaintiff Class will become equally privy to all the rights, benefits, and protections of civil marriage in Texas.

### Claim One: Equal Protection

67.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-66, above, as if fully set forth herein.

68.     This paragraph contains legal conclusions that Defendant is not required to admit or deny.

69.     Defendant admits that Sections 2.001 and 6.204, and article I, section 32, restrict access to civil marriage to only opposite-sex couples, thereby denying individuals who are homosexual the right and freedom to marry the person of their choosing.  Defendant believes that there is merit to the allegation that these laws treat similarly situated persons differently—or, in other words, they impose inequality—by providing the status, dignity, rights, benefits, and protections of civil marriage to heterosexual couples but not to homosexual couples.  Defendant believes that there is merit to the allegation that these Texas laws single out individuals who are homosexual for disfavored treatment.

70.     Defendant admits that some state officials have openly expressed the animus held toward homosexuals that motivates these laws, but denies that she has.  Plaintiffs' other allegations in this

paragraph are not directed at Defendant, and therefore Defendant will not presume to answer for another Defendant.

71.     Defendant lacks sufficient knowledge or information to admit or deny the allegation that on the day that *Windsor* was decided, Todd Staples – a state legislator and co-author of article I, section 32 (the Texas Marriage Amendment) – criticized the Supreme Court's recognition of marriage equality as "the definition of absurdity."

72.     Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that perhaps most notably, Defendant Abbott has, as Texas Attorney General, judicially admitted that the unequal treatment of same-sex couples is "precisely the point" of the Texas laws against same-sex marriage.

73.     Defendant personally believes that there is merit to the claim that Sections 2.001 and 6.204 of the Texas Family Code and article I, section 32 of the Texas Constitution, both on their face and as applied to Plaintiffs and the Plaintiff Class, single out individuals who are homosexual for disfavored treatment, stigmatizing them as "second class" and denying them the same status, dignity, rights, benefits, and protections of marriage that provided by law to individuals who are heterosexual.  The last allegation in this paragraph contains a legal conclusion that Defendant is not required to admit or deny.

**Claim Two: Due Process**

74.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-73, above, as if fully set forth herein.

75.     This paragraph contains legal conclusions and citations that Defendant is not required to admit or deny.

76.     Defendant admits that Sections 2.001 and 6.204 of the Texas Family Code and article I, section 32 of the Texas Constitution, may act to deprive individuals who are homosexual of their freedom to marry – or, if they have already married in another state, deprive them of their rightful legally-married status.   The last allegation in this paragraph contains a legal conclusion that Defendant is not required to admit or deny.

### Claim Three: Right to Travel

77.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-76, above, as if fully set forth herein.

        Defendant DeBeauvoir is not involved in the recognition of same-sex marriages from other states and therefore the allegations in paragraphs 78-79 are not directed at her and she neither admits nor denies the allegations related to Alex Augustine and Andrew Simpson.

### Claim Four: Full Faith and Credit

80.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-79, above, as if fully set forth herein.

        Defendant DeBeauvoir is not involved in the recognition of same-sex marriages from other states and therefore the allegations in paragraphs 81-87 are not directed at her and she neither admits nor denies the allegations related to Alex Augustine and Andrew Simpson.

### Claim Five: Violation of 42 U.S.C. § 1983

88.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-87, above, as if fully set forth herein.

89.     Defendant admits that she personally believes sections 2.001 and 6.204 of the Texas Family Code and article I, section 32 of the Texas Constitution deny Plaintiffs equal access to civil marriage in Texas.   Plaintiffs' allegation concerning the validity of Plaintiffs' civil marriage from

another state is not directed at Defendant, and therefore Defendant will not presume to answer for another Defendant. Defendant is not required to admit or deny Plaintiffs' legal conclusions that Defendants, under color of Texas state law, are depriving and will continue to deprive Plaintiffs and the proposed Plaintiff Class of rights secured by the U.S. Constitution. Defendant is not required to admit or deny Plaintiffs' legal conclusions that this violates 42 U.S.C. § 1983.

### Irreparable Injury

90. Defendant admits that Plaintiffs incorporate by reference paragraphs 1-89, above, as if fully set forth herein.

91. Defendant admits that she has been following the laws of the State of Texas, including sections 2.001 and 6.204 of the Texas Family Code and article I, section 32 of the Texas Constitution. Defendant is not required to admit or deny Plaintiffs' legal conclusions that an actual and judicially cognizable controversy exists between Plaintiffs and Defendants, over whether these provisions of Texas law are unconstitutional.

92. Defendant admits that Plaintiffs and the proposed Plaintiff Class may have been and may now be severely injured by sections 2.001 and 6.204 of the Texas Family code, and by article I, section 32 of the Texas Constitution. Defendant is not required to admit or deny Plaintiffs' legal conclusions that this injury includes, but is not limited to, the deprivation of rights guaranteed by the U.S. Constitution and stigma caused by the State's refusal to allow Plaintiffs and each member of the Plaintiff Class to marry the person he or she loves. Plaintiffs' allegation concerning the State's refusal to recognize the validity of same-sex marriages created in other states is not directed at Defendant DeBeauvoir, and therefore she will not presume to answer for another Defendant. Defendant admits that marriage is a highly valued legal and social status, and married couples are often treated differently from unmarried couples. Defendant admits that being married reflects and

expresses a couple's commitment to one another – it represents the significance and value that the couple (and society) has placed on or invested in the relationship.  Defendant admits that it is her personal opinion that by denying Plaintiffs and each member of the proposed Plaintiff Class the right to marry in Texas, or to have their out-of-state marriage recognized in Texas, the State may be perceived as publicly and officially devaluing each Plaintiff's respective relationship.  Defendant admits that by the operation and enforcement of the laws at issue, Plaintiffs and members of the proposed Plaintiff Class are denied access to the same status, respect, and dignity, and to the same rights, benefits, and protections that are provided to opposite-sex couples.

93.     Defendant denies that she is personally devaluing same-sex relationships or sending a public and official message to the children of same-sex couples, telling them their parents are in a relationship that is "less worthy" than the relationships of others, as she is bound to observe Texas law.  Defendant admits that the State's legal "differentiation" between opposite-sex relationships and same-sex relationships, and its provision of marriage to one and not the other, through Texas law may "demean" same-sex relationships and thereby may "humiliate" the children of the Named Plaintiffs and of the members of the proposed Plaintiff Class.

94.     Defendant admits that by denying Plaintiffs and the proposed Plaintiff Class the right to marry, or to have their marriage recognized, the State may deny Plaintiffs and the proposed Plaintiff Class access to numerous state-law benefits and protections.  Defendant admits that for example, Plaintiffs cannot claim intestacy rights, *see* Tex. Probate Code §§ 38, 45; a Plaintiff cannot file a wrongful death suit if his or her partner is killed, *see* Tex. Prac. & Rem. Code § 71.004; Plaintiffs cannot claim the spousal privilege to avoid testifying against one another, *see* Tex. R. Evid. 504; and a Plaintiff cannot, without a written agreement, make health care or burial decisions pertaining to the care of his or her partner.

95.     Defendant admits that Plaintiffs Augustine and Simpson, and other proposed members of the Plaintiff Class, may be irreparably injured by section 2 of DOMA to the extent that it authorizes the State of Texas to refuse to recognize or give effect to a same-sex marriage legally created in another state – and to thereby stigmatize Plaintiffs and deny them equal status and equal access to the benefits and protections listed above.  However, Defendant denies she is involved in any way in the recognition of same-sex marriages created in other states.

96.     Defendant admits that Defendants' observance of the laws at issue has caused and continues to cause Plaintiffs and the proposed Plaintiff Class harm, but lacks sufficient knowledge or information to form a belief as to the truth or accuracy of Plaintiffs' specific harm alleged such as "irreparable harm, by denying them their constitutional rights, by stigmatizing them, by humiliating their children, and by denying them access to numerous state-law benefits and protections."

97.     Defendant admits that Plaintiffs believe that these injuries can be redressed only if this Court (1) declares unconstitutional sections 2.001 and 6.204 of the Texas Family Code and article 1, section 32 of the Texas Constitution – and any other Texas law that bars or refuses to recognize same-sex mariage; and

(2) enjoins Defendants in their official capacities from enforcing these laws.

**Class Allegations**

98.     Defendant admits that Plaintiffs incorporate by reference paragraphs 1-97, above, as if fully set forth herein.

99.     Defendant admits that Plaintiff Shannon Zahrn, Catherine Zahrn, Alex Augustine, and Andy Simpson attempt to bring this action on behalf of themselves and, pursuant to Federal Rule of Civil Procedure 23, all others who are similarly situated.

100.   Defendant admits that the Plaintiff Class, as proposed, would consist of

(a) all individuals who, like Shannon and Catherine, reside in the State of Texas and otherwise meet the legal requirements to marry in Texas, but wish to marry someone of the same sex, and for that reason are denied the right to marry by Texas law; and

(b) all individuals who, like Alex and Andy, reside in the State of Texas and have been legally married under the laws of another state, but to someone of the same sex, and whose marriage for that reason is not recognized as valid under Texas law.

101.   Defendant admits that it is her opinion that the Class may be so numerous that joinder of all members would be impracticable.  Defendant admits that according to one study, based on the 2010 U.S. Census, there are 46,401 same-sex couples residing in Texas.  Defendant admits that an estimated 6,000 of those couples have been legally married in another state.  Defendant admits that upon information and belief many of the remaining Texas couples would marry here in Texas, if Texas law permitted them to do so.

102.   Defendant admits that there may be questions of law and fact common to the members of the Class.  Defendant admits that factually, all members of the proposed Class are either already legally married under the laws of another state or desire to be married in Texas, but they cannot get married – or their out-of-state marriage is not recognized-due to Texas law and Defendants' enforcement thereof.  Defendant admits that the legal questions common to the Class may include, but are not limited to, (a) whether Texas laws against same-sex marriage violate the Equal Protection Clause; (b) whether these laws violate the Due Process Clause; (c) whether these laws violate the constitutional right to travel; (d) whether they violate the Full Faith and Credit Clause; and (e) whether the State's deprivation of these rights violates 42 U.S.C. § 1983.  Defendant admits

that she alleges in her defense that she was acting in accordance with state law but denies that all Defendants are expected to raise common defenses to these claims.

103.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that these common questions of law and fact predominate over any individual questions that might exist, because there are not likely to be any individual issues material to Plaintiffs' claims.

104.    The Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegation that the claims of the Named Plaintiffs are typical of those of the Plaintiff Class, as they all arise from the enforcement of Texas laws against allowing or recognizing same-sex marriage in Texas.

105.    Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations that the Named Plaintiffs are capable of fairly and adequately protecting the interests of the Plaintiff Class because they have no interests antagonistic to the Class, and because they are represented by counsel experienced in complex class action litigation – and in litigation involving constitutional claims and same-sex marriage in Texas.

106.    Defendant admits that Plaintiffs *seek to maintain* a class action under Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions would create a risk of inconsistent and varying adjudications, resulting in some Texas couples having access to marriage or recognition of their out-of-state marriage, and others not.

107.    Defendant admits that Plaintiffs *seek to maintain* a class action under Federal Rule of Civil Procedure 23(b)(2) because they allege that Defendants' enforcement of Texas law applies generally to the Class, by precluding all members from marrying or from having their legal out-of-state marriage recognized in Texas.  The allegation that the declaratory and injunctive relief sought

by Plaintiffs is appropriate as to the Class as a whole is a legal conclusion that Defendant is not required to admit or deny.

## Prayer

Defendant admits that Plaintiffs pray for judgment as follows:

108.    This paragraph contains a legal conclusion that Defendant is not required to admit or deny.

109.    This paragraph contains legal conclusions that Defendant is not required to admit or deny.

110.    This paragraph contains legal conclusions that Defendant is not required to admit or deny.

111.    Defendant admits that Plaintiffs respectfully ask this Court to enter a preliminary and a permanent injunction enjoining enforcement or application of all Texas laws that bar same-sex marriage, or that refuse to recognize or "give effect" to same-sex marriage legally created in another state.  However, Defendant is not involved in recognizing or giving effect to same-sex marriages created in another state.

112.    Defendant admits that Plaintiffs respectfully ask that the declaratory and injunctive relief requested be granted against each Defendant in his or her official capacity; against each Defendant's officers, employees, and agents; and against all persons acting in concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

113.    Defendant admits that Plaintiffs respectfully ask this Court to award to Plaintiffs all costs, expenses, and reasonable attorney fees, pursuant to 42 U.S.C. § 1988, as well as any further relief to which the Court determines Plaintiffs may be justly entitled, but denies that Plaintiffs are entitled to such relief against Defendant Dana DeBeauvoir.

## AFFIRMATIVE DEFENSES

1.      Defendant was acting in accordance with state law at all times regarding the Plaintiffs who inquired about a marriage license (and any proposed similarly situated class members).  Defendant was and is under threat of legal penalty if she fails to comply with Texas Family Code Title 1 Chapter 2, Subchapter A.  See Tex. Fam. Code §2.012.

2.      Defendant is not involved in the recognition of (or lack thereof) of same-sex marriages from other states.

3.      Defendant asserts her entitlement to official and/or qualified immunity under federal common law.

4.      Defendant reserves the right to raise additional defenses that may become apparent throughout the factual development of this case.


Respectfully submitted,


**DAVID A. ESCAMILLA**
**TRAVIS COUNTY ATTORNEY**
P. O. Box 1748
Austin, Texas  78767
(512) 854-9415
(512) 854-4808 FAX


By: Elaine A. Casas
Elaine A. Casas
Assistant Travis County Attorney
State Bar No. 00785750

Jennifer Kraber
Assistant Travis County Attorney
State Bar No. 24027426

**ATTORNEYS FOR DEFENDANT**
**DANA DEBEAUVOIR**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of November 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas  78767
**Attorneys for Defendant**

Jason P. Steed
Bell Nunnally & Martin, LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204
jasons@bellnunnally.com
**Attorney for Plaintiffs**

James J. Scheske
James J. Scheske PLLC
5501-A Balcones #109
Austin, TX 78731
jscheske@austin.rr.com
**Attorney for Plaintiffs**

S. Leigh Jorgeson
(*pro hac vice* application pending)
Ian Pittman
(*pro hac vice* application pending)
Jorgeson Pittman LLP
4505 Spicewood Springs Rd., Suite 335
Austin, TX 78759
leigh@jptexaslaw.com
**Attorneys for Plaintiffs**

<u>Elaine A. Casas</u>
Elaine A. Casas
Assistant Travis County Attorney
State Bar No. 00785750

Jennifer Kraber
Assistant Travis County Attorney
State Bar No. 24027426
