UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| SHANNON ZAHRN, et al. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Case No. 13-00955 |
| RICK PERRY, et al. | ) ) | |
| Defendants. | ) ) ) | |

**UNITED STATES' ACKNOWLEDGEMENT
OF CONSTITUTIONAL CHALLENGE**

The United States hereby acknowledges receipt of Plaintiffs' Notice of Constitutional Questions, dated October 31, 2013, in which Plaintiffs informed the Attorney General of the United States that the Complaint challenges the constitutionality of Section 2 of the Defense of Marriage Act ("DOMA" or "Section 2"), 28 U.S.C. § 1738C, "to the extent that [Section 2] authorizes or otherwise enables the State of Texas to refuse to recognize or give effect to a same-sex marriage that was legally created in another state." Notice [Dkt. 2] at 2. Pursuant to Federal Rule of Civil Procedure 5.1(c), the United States may intervene within sixty days after a Notice of Constitutional Challenge has been filed, "unless the court sets a later time." Fed. R. Civ. P. 5.1(c). "Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." *Id.*

The Solicitor General of the United States decides whether the United States should intervene to defend the constitutionality of an Act of Congress. *See* 28 C.F.R. § 0.21 ("The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress.").

Obtaining the Solicitor General's approval will require time for thorough consideration. The United States is currently unable to evaluate the case and decide whether to intervene because this case is in its early stages. The constitutional challenge has only been raised in Plaintiffs' Complaint, and the United States is unaware of any other filing that details the basis of Plaintiffs' constitutional challenge. Indeed, under this Court's November 21, 2013 Order [dkt. 13], Plaintiffs need not submit a proposed scheduling order until January 20, 2014.

Moreover, at this juncture, it appears that there is some possibility that this case may be resolved without the Court reaching the issue of the constitutionality of Section 2 of DOMA. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981) ("[P]rior to reaching any constitutional question, federal courts must consider nonconstitutional grounds for decision."); *Ashwander v. Tenn. Valley Authority*, 297 U.S. 288, 345–48 (1936) (Brandeis, J., concurring) ("The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it.'") (quoting *Liverpool, N.Y. & P.S.S. Co. v. Emigration Comm'rs*, 113 U.S. 33, 39 (1885)). Plaintiffs bring this putative class action to challenge the provisions of Texas law that prohibit the licensing of same-sex marriages in Texas and the recognition of same-sex marriages licensed in other jurisdictions. They seek, among other things, a declaration that "to the extent section 2 purports to circumvent or supersede the Full Faith and Credit Clause—or to the extent that it purports to permit a state such as Texas to avoid its obligation to give full faith and credit to a same-sex marriage legally created by another state—section 2 exceeds the authority granted to Congress under Article IV, and is therefore unconstitutional." Compl. ¶ 110. Defendants' answers [Dkt. 12, 14] do not raise Section 2 as a defense or otherwise reference Section 2. It is not known whether Defendants will rely on Section 2 in defense of the challenged Texas laws.

Therefore, once briefing is completed, it may be apparent that Section 2 is no longer at issue in this litigation.

Accordingly, the United States respectfully requests that the Court permit the United States to seek to intervene within thirty (30) days after the close of the parties' briefing on any substantive motion Defendants make in response to the Complaint. In the alternative, should this Court decide to certify the challenge to Section 2's constitutionality under 28 U.S.C. § 2403, then the United States respectfully requests that the Court permit the United States to seek to intervene within sixty (60) days after such certification or by March 14, 2013, whichever is later.

Dated: December 20, 2013               Respectfully submitted,

                                       STUART F. DELERY
                                       Assistant Attorney General

                                       ROBERT PITMAN
                                       United States Attorney

                                       ARTHUR R. GOLDBERG
                                       Assistant Branch Director

                                       *Jean Lin*
                                       Jean Lin (NY Bar # 4074530)
                                       Senior Trial Counsel
                                       Jennie Kneedler (D.C. Bar # 500261)
                                       Trial Attorney
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Ave., N.W.
                                       Washington, DC  20530
                                       Tel:   (202) 514-3716
                                       Fax:   (202) 616-8470
                                       jean.lin@usdoj.gov
                                       jennie.l.kneedler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December 2013, I electronically filed the foregoing United States' Acknowledgement of Constitutional Challenge with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas 78767
Attorneys for Defendant Dana DeBeauvoir

William T. Deane
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
bill.deane@texasattorneygeneral.gov
Attorney for Defendants Rick Perry and Greg Abbott

Jason P. Steed
Bell Nunnally & Martin, LLP
3232 McKinney Ave., Suite 1400
Dallas, TX 75204
jasons@bellnunnally.com
Attorney for Plaintiffs

James J. Scheske
James J. Scheske PLLC
5501-A Balcones #109
Austin, TX 78731
jscheske@austin.rr.com
Attorney for Plaintiffs

S. Leigh Jorgeson
Ian Pittman
Jorgeson Pittman LLP
4505 Spicewood Springs Rd., Suite 335
Austin, TX 78759
leigh@jptexaslaw.com
Attorneys for Plaintiffs