IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| McNOSKY, et al, <br>    *Plaintiffs*, <br> v. <br><br> PERRY, et al, <br>    *Defendants*. | § § § § § § § § | Case No. 1:13-CV-631-SS |
| ZAHRN, et al, <br>    *Plaintiffs*, <br> v. <br><br> PERRY, et al, <br>    *Defendants*. | § § § § § § § § § | Case No. 1:13-CV-955-SS |

**STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING APPEAL IN A RELATED CASE**

TO THE HONORABLE SAM SPARKS:

Defendants Rick Perry and Greg Abbott (hereinafter State Defendants) hereby move to stay proceedings in the above-captioned cases pending an interlocutory appeal in *De Leon v. Perry*, 5:13-CV-982-OLG (W.D. Tex.–San Antonio), that presents the same constitutional issues that are raised in these cases. As explained below, a stay of proceedings would promote judicial efficiency, avoid needless proceedings, and preserve the parties' and the court's limited resources. All parties in *Zahrn* do not oppose to a stay; the plaintiffs in *McNosky* oppose a stay.

**BACKGROUND**

In *De Leon v. Perry*, 5:13-CV-982-OLG (W.D. Tex.–San Antonio), the plaintiffs (hereinafter collectively De Leon) filed a civil rights lawsuit against State Defendants, David Lakey, and the Bexar County Clerk alleging that Texas marriage laws, including Article 1, Section 32 of the Texas Constitution and Texas Family Code sections 2.001 and 6.204, violate their due process and equal protection rights under the Fourteenth Amendment by limiting marriage in Texas to opposite-sex couples and by not recognizing same-sex marriages from other States. Complaint, 5:13-cv-00982-OLG, Doc. No. 1 (Oct. 28, 2013) (attached). De Leon's constitutional claims and the remedies sought are nearly identical to the claims and remedies asserted by the plaintiffs in *McNosky* and *Zahrn*. De Leon also filed a preliminary-injunction motion to prevent defendants from enforcing the challenged Texas marriage law while the case proceeded. PI Mot., 5:13-cv-00982-OLG, Doc. No. 24 (Nov. 22, 2013) (attached).

On February 26, 2014, Judge Orlando Garcia granted the plaintiffs' motion for preliminary injunction in *De Leon*. PI Order, 5:13-cv-00982-OLG, Doc. No. 73 (attached). In that order, Judge Garcia ruled that Article 1, Section 32 of the Texas Constitution, Texas Family Code sections 2.001 and 6.204, and related Texas laws and regulations violate De Leon's due process and equal protection rights under the Fourteenth Amendment by limiting marriage in Texas to opposite-sex couples and by not recognizing same-sex marriages from other States. PI Order at 47. Judge Garcia also held that Section 2 of the federal Defense of Marriage Act, 28 U.S.C.

§ 1738C, does not bar De Leon's marriage-recognition claims. PI Order at 39. Nevertheless, in light of the Supreme Court's stay in *Herbert v. Kitchen*, No. 13A687, 134 S. Ct. 893 (Jan. 6, 2014), Judge Garcia stayed execution of the preliminary injunction pending appellate review in the Fifth Circuit. PI Order at 46, 48. State Defendants and Lakey filed a notice of appeal on February 27, 2014. Notice of Appeal, 5:13-cv-00982-OLG, Doc. No. 74. On March 7, the *De Leon* court granted the defendants' motion to stay proceedings while the preliminary injunction is appealed. Stay Order, 5:13-cv-00982-OLG, Doc. No. 76.

Significantly, Judge Garcia held that the challenged Texas law is unconstitutional on its face, PI Order at 44 n.7, and that it "fails even under the most deferential rational basis level of review," *id.* at 24 (equal protection), 37-38 (substantive due process). The implications of that broad ruling are twofold. First, the preliminary injunction purports to apply statewide, presumably including the plaintiffs in *McNosky* and *Zahrn*. PI Order at 44 n.7. Second, Judge Garcia addressed the constitutional issues as pure questions of law and therefore his holdings did not purport to depend on any factual determinations or particular evidence in the *De Leon* case. *See* PI Order 24, 37-38, 44 n.7, 47. *See also Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662 (5th Cir. 2006) (explaining that "a facial challenge to the constitutionality of a statute presents a pure question of law"); *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (explaining that a law scrutinized according to rational-basis review "is not subject to courtroom fact-finding").

**ARGUMENT**

The Court should stay proceedings in this case during the pendency of the *De Leon* preliminary-injunction appeal because the resolution of the constitutional issues in that case will likely govern the outcome of both *McNosky* and *Zahrn*. The Court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The parties need not be the same and the issues need not be identical to justify a stay, but rather the Court must exercise its judgment, "weigh[ing] competing interests and maintain[ing] an even balance." *Id.*

The Fifth Circuit's resolution of the constitutional issues addressed in the *De Leon* preliminary injunction will effectively decide the merits of the *McNosky* and *Zahrn* cases and therefore there is no need to proceed in those cases while the appeal is pending. The Fifth Circuit must decide whether Texas marriage laws, including Article 1, Section 32 of the Texas Constitution and Texas Family Code sections 2.001 and 6.204, violate same-sex couples' due process and equal protection rights under the Fourteenth Amendment by limiting marriage in Texas to opposite-sex couples and by not recognizing same-sex marriages from other States. These are the same constitutional issues presented in *McNosky* and *Zahrn*.

If the Fifth Circuit agrees with the *De Leon* court that Texas marriage law violates the Fourteenth Amendment, then that ruling will apply with equal force in the *McNosky* and *Zahrn* cases, and State Defendants will be barred from enforcing

the challenged Texas law.  *See Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1127 n.8 (5th Cir. 1992) (observing that "[i]t has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled en banc or by the United States Supreme Court").  On the other hand, if the Fifth Circuit concludes that Texas law does not violate the Fourteenth Amendment, then any proceedings undertaken in this Court with respect to those issues will have been futile and a waste of resources.

Of course, there are some issues presented in *McNosky* and *Zahrn* that were not addressed in the *De Leon* preliminary injunction order, most notably the DOMA Section 2 and right-to-travel claims raised in *Zahrn* and the sex-discrimination theory advanced in *McNosky*.  But lack of perfect overlap does not counsel against a stay.  Although the Fifth Circuit's decision in *De Leon* "may not settle every question of fact and law" in *McNosky* and *Zahrn*, a stay nevertheless is justified because "in all likelihood it will settle many and simplify them all."  *Landis*, 299 U.S. at 256.  Any remaining issues not resolved in the *De Leon* appeal will either become moot or can easily be addressed following the appeal.

Furthermore, the *De Leon* preliminary injunction turned on questions of law, not fact, and there are at least two reasons that the *De Leon* appeal will almost certainly be decided squarely on the constitutional issues.  First, as already explained, the court addressed the constitutional issues as pure questions of law

that apply statewide; it did not purport to resolve the constitutional challenges according to any factual determinations. *See, e.g.*, PI Order at 24, 37-38, 44 n.7, 47.

Second, the *De Leon* court's constitutional rulings influenced every element of the preliminary-injunction analysis. On the merits, the court held that De Leon is likely to prevail because Texas law violates her federal equal protection and substantive due process rights under the Fourteenth Amendment. *See* PI Order at 47. The court similarly concluded that De Leon had shown irreparable injury in part because her federal constitutional rights were violated by Texas law. PI Order at 43. Additionally, the court determined that the balance of the equities favored De Leon and that the public interest would not be disserved by a preliminary injunction for the same reasons. PI Order at 44, 45. Given that the *De Leon* court's constitutional rulings are the linchpin of every element of its preliminary-injunction order, there is little chance that the Fifth Circuit would reverse on some ground other than the merits of the constitutional challenge.

Finally, pressing on with the case while the dispositive constitutional issues are pending on appeal risks real financial harm by unnecessarily exposing parties on both sides to liability for additional—and needless—attorney fees and costs. In sum, proceeding with this case during the appeal will not affect the enforcement or enforceability of the challenged law but it would be an unnecessary and unproductive use of the Court's and the parties' time and resources. Accordingly, the Court should stay proceedings while the preliminary injunction is on appeal.

## CONCLUSION

State Defendants' motion to stay proceedings should be granted.

Date:   March 12, 2014                                           Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for
Legal Counsel

JONATHAN F. MITCHELL
Solicitor General

*/s/ Michael P. Murphy*
MICHAEL P. MURPHY
Assistant Solicitor General
Texas Bar No. 24051097

WILLIAM T. DEANE
Assistant Attorney General
Texas Bar No. 05692500

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-2995
Fax: (512) 474-2697
michaelp.murphy@texasattorneygeneral.gov

COUNSEL FOR STATE DEFENDANTS
RICK PERRY AND GREG ABBOTT

**CERTIFICATE OF CONFERENCE**

The undersigned attorney hereby certifies that he contacted counsel and parties to confer about the subject matter of the instant motion. Plaintiffs in *McNosky* stated that they oppose this motion.  All parties in *Zahrn* stated that they are unopposed to a stay.

>  */s/ Michael P. Murphy*
>  MICHAEL P. MURPHY
>  Assistant Solicitor General

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2014, this document was served on counsel of record and/or the parties, via the Court's CM/ECF Document Filing System and/or electronic mail.

>  */s/ Michael P. Murphy*
>  MICHAEL P. MURPHY
>  Assistant Solicitor General